UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FELICIA THOMPSON, individually and as successor in interest of KEITH AUSTIN THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>NARINDER SAUKHLA, M.D., et al.,<br><br>Defendants. | No. 2:18-cv-02422 WBS KJN<br><br>ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES |

----oo0oo----

Plaintiff Felicia Thompson filed this lawsuit under 42 U.S.C. § 1983. She asserts claims arising out of the death of her father, Keith Austin Thomas, an inmate at the California Medical Facility. (2d Am. Compl. (Docket No. 34).) Defendants Portugal and Naidoo answered the Second Amended Complaint, asserting a variety of affirmative defenses, (Docket No. 48), as did defendants Briggs, Cortez, Galvan, Haile and Saukhla (Docket No. 51). Presently before the court is plaintiff's Motion to Strike Affirmative Defenses ("Motion to Strike")(Docket No. 53).

I. <u>Legal Standard</u>

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is legally insufficient where "there are no questions of fact," "any questions of law are clear and not in dispute," and "under no set of circumstances could the defense succeed." <u>Ramirez v. Ghilotti Bros.</u>, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted). An affirmative defense is insufficiently pled if it fails to give the plaintiff fair notice of the defense. <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1023 (9th Cir. 2010).

II. <u>Discussion</u>

    A. <u>Discretionary Immunity Defense</u>

Defendants Portugal and Naidoo's Sixth Affirmative Defense is that the complaint is barred by the doctrine of discretionary immunity as set forth in Government Code Section 820.2. (Portugal & Naidoo Answer at 13.) Plaintiff asks the court to strike this defense on the grounds that the complaint includes federal law claims, to which the defense does not apply.

The generalized pleading of a defense that applies to only some of the claims against a party is customarily allowed. See, e.g., <u>Neylon v. Cty. of Inyo</u>, No. 1:16-CV-0712 AWI JLT, 2017 WL 3670925, at *2 (E.D. Cal. Aug. 25, 2017)(denying motion to strike qualified immunity defense in case with both federal and state law claims and reading the defense as applying only to the plaintiff's § 1983 claims against individual defendants).

With the understanding that defendants Portugal and

2

Naidoo's Sixth Affirmative Defense applies only to plaintiff's state law claims, the court will allow it here.

### B. Failure to State a Claim and Failure to State a Claim for Punitive Damages Defenses

Defendant Portugal and Naidoo's First Affirmative Defense is that the "[c]omplaint fails to state claim upon which relief can be granted." (Portugal & Naidoo Answer at 12.) Similarly, the Second Affirmative Defense of defendants Briggs, Cortez, Galvan, Haile, and Saukhla is that "[p]laintiffs failed to allege facts sufficient to state a claim for punitive damages because no facts are alleged that [d]efendants acted with evil intent, malice, or in total disregard for Decedent's or Plaintiff's rights." (Briggs, Cortez, Galvan, Haile, & Saukhla's Answer at 5.)

The "clear majority of courts" in the Ninth Circuit do not allow failure to state a claim as an affirmative defense. Frazier v. City of Rancho Cordova, No. 2:15-cv-00872 TLN KJN, 2016 WL 374567, at *2 (E.D. Cal. Feb. 1, 2016). This majority approach was apparently validated by dicta in Garcia v. Salvation Army, 918 F.3d 997, 1008 (9th Cir. 2019). In that case, the Ninth Circuit remarked that "simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense." Id. at 1008.

If defendants wished to challenge the sufficiency of the complaint, as pled, they could have filed a motion under Federal Rule of Civil Procedure 12(b)(6). See Dodson v. Munirs Co., No. CIV. S-13-0399 LKK DAD, 2013 WL 3146818, at *8 (E.D. Cal. June 18, 2013). Since defendants did not do so, the court

will not allow the defense of "failure to state a claim" to live on, largely unelaborated and unsubstantiated, in defendants' answers. Accordingly, the court will grant plaintiff's Motion to Strike with respect to: (1) Defendant Portugal and Naidoo's First Affirmative Defense; and (2) Defendants Briggs, Cortez, Galvan, Haile, and Saukhla's Second Affirmative Defense.

C. Rule 19 Defense

Defendants Briggs, Cortez, Galvan, Haile, and Saukhla's Seventh Affirmative Defense is that:

> Plaintiff failed to join necessary or indispensable parties to this action as required under Federal Rule of Civil Procedure 19. Based on information and belief, Decedent's other children, whether known or unknown to Plaintiff, not named in the complaint are potential heirs and thus indispensable parties.

(Briggs, Cortez, Galvan, Haile, and Saukhla's Answer at 6.) Plaintiff argues that this defense should be stricken because it is insufficiently particular and does not provide plaintiff with fair notice. (Reply at 3 (Docket No. 59).) Defendants counter that the defense satisfies the "fair notice" pleading requirement because decedent had multiple extramarital affairs and therefore could have an, as of yet unknown, heir who is an indispensable party to the litigation. (Opp. at 4-5 (Docket No. 58).)

In considering a motion to strike a Rule 19 affirmative defense as insufficiently supported by facts, the court in Savage v. Citibank N.A., No. 14-CV-03633 BLF, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015), took a pragmatic approach. Citing the fact that the failure to join a party under Rule 19 is an unwaivable defense available to defendants at any point before

4

the conclusion of trial, the court concluded that striking defendant's Rule 19 defense "serves no practical purpose because [p]laintiff cannot suffer prejudice from having to conduct discovery on a defense that is always available." Savage, 2015 WL 4880858, at *4. The court finds this approach compelling and will adopt it here: plaintiff's Motion to Strike defendants' Seventh Affirmative Defense will be denied because plaintiff is not prejudiced by defendants' assertion of a defense that is always available to them.

D. Defendants' Contributory and Comparative Fault Defenses

Defendants assert the contributory negligence of decedent[1] and non-parties[2] as affirmative defenses to plaintiffs' claims. (Defendants Portugal and Naidoo Answer at 12; Defendants Briggs, Cortez, Galvan, Haile, and Saukhla Answer at 6.) Plaintiff argues that since comparative fault is not a defense to actions filed under 42 U.S.C. § 1983, the court should strike these defenses. (Mot. to Strike at 6.)

As noted above, the generalized pleading of a defense that applies to only some of the claims against a party is permissible. The court will thus deny plaintiff's Motion to Strike with respect to defendant Portugal and Naidoo's Third and Fourth Affirmative Defenses and defendants Briggs, Cortez, Galvan, Haile, and Saukhla's Fifth and Sixth Affirmative

---

[1] This is defendant Portugal and Naidoo's Third Affirmative Defense and defendants Briggs, Cortez, Galvan, Haile, and Saukhla's Fifth Affirmative Defense.

[2] This is defendant Portugal and Naidoo's Fourth Affirmative Defense and efendants Briggs, Cortez, Galvan, Haile, and Saukhla's Sixth Affirmative Defense.

5

Defenses, with the understanding that these affirmative defenses apply only to plaintiff's state law claims.

IT IS THEREFORE ORDERED that plaintiff's Motion to Strike (Docket No. 53) is GRANTED IN PART. The following affirmative defenses are STRIKEN as described herein:

(1) Defendants Portugal and Naidoo's First Affirmative Defense; and

(2) Defendants Briggs, Cortez, Galvan, Haile, and Saukhla's Second Affirmative Defense.

The plaintiff's Motion to Strike is DENIED with respect to all other affirmative defenses.

Dated: April 23, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE