CARTER C. WHITE, CSB # 164149
KING HALL CIVIL RIGHTS CLINIC
U.C. Davis School of Law
One Shields Avenue, Building TB-30
Davis, CA 95616-8821
Telephone: 530.752.5440
Facsimile: 530.752.5788
ccwhite@ucdavis.edu

*Attorney for Plaintiff,*
*Felicia Thompson*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA THOMPSON, individually and as successor in interest of KEITH AUSTIN THOMPSON,<br><br>Plaintif,<br><br>v.<br><br>NARINDER SAUKHLA, M.D., et al,<br><br>Defendants. | No. 2:18-cv-02422-WBS-KJN<br><br>**STIPULATION AND ORDER FOR DEPOSITION PROTOCOL** |

The parties stipulate, and ask the Court to enter as an Order, the following deposition protocol for remote depositions in this action. Given the ongoing COVID-19 pandemic, good cause exists for entry of the deposition protocol outlined in this stipulation. The parties have stipulated to the entry of an order outlining the protocol for remote depositions with the following terms:

I.  **DEFINITIONS**

A.  "Attending counsel" shall mean any legal counsel for a party that is attending the deposition of a non-party.

B.  "Court reporter" shall mean an individual retained by the deposing party to transcribe the

oral testimony offered at a deposition in the litigation and who is authorized to administer oaths either by federal law or by the law of the place of examination.

C. "Deposition" shall mean any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 27, 30, 45, or any court order.

D. "Deposing counsel" shall mean the legal counsel of the party or parties noticing and taking a deposition in the litigation.

E. "Defending counsel" shall mean the legal counsel of the party, parties, non-party, or non-parties defending a deposition in the litigation.

F. "Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34 and includes both ESI and Hard Copy Documents.

G. "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

H. "Exhibit" shall mean any Document or Electronically Stored Information that is marked as an exhibit during a Deposition.

I. "Hard Copy Document" means any document or thing discoverable under Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 34 that cannot be characterized as ESI.

J. "Litigation" shall mean the case captioned above.

K. "Parties" shall mean Plaintiff and Defendants.

L. "Non-parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking testimony at a deposition in the litigation.

II.     **GENERAL PRINCIPLES AND DURATION OF THIS ORDER**

A. This Order is intended to allow the parties to continue deposition discovery in light of the ongoing COVID-19 pandemic.

B. The Court and counsel recognize that the COVID-19 pandemic requires the parties to be

2

flexible in completing deposition discovery in this litigation. The parties are encouraged to take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete depositions in a manner that also takes into account the needs of dependent care and personal health care.

C. Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.

## III.   **DEPOSITION PROCEDURES**

A. Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), the 30(b)(6) depositions shall be taken by remote means that comply with local, state and federal guidance, regulations, and orders concerning social distancing and public health. "Remote means" shall include (a) telephone, (b) video-conferencing platforms that allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in-person, or (c) any other means that the deposing counsel, defending counsel, and attending counsel agree to.

B. Pursuant to Fed. R. Civ. P. 30(f)(2), deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the course of the deposition. Such means of marking and using exhibits for the initial deposition may include any of the following: (a) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter 24 hours in advance of the deposition, (b) using a video conferencing platform that enables deposing counsel to share exhibits with the deponent, court reporter, defending counsel, and attending counsel, or (c) any other means that the

deposing counsel, defending counsel, and attending counsel agree to. If the remote means used do not permit for the court reporter to mark exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.

C. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent. A court reporter may administer an oath concerning a deposition via remote means.

D. Under Fed. R. Civ. P. 28 the deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

E. Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means.

F. Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either deposing counsel or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.

G. In the event a deponent (including, without limitation, any individual designated to testify pursuant to Rule 30(b)(6)) does not have access to an appropriate space, or to the proper software, hardware, or other relevant equipment to attend a deposition by video conference, or for any other reason wishes to attend the deposition in person, he or she may notify Deposing counsel at least three days in

advance of the deposition of his or her intent to appear in person at the location designated in the subpoena/deposition notice. In that event, Deposing counsel shall arrange for the provision of the necessary space, software, hardware, and any other relevant equipment at that location. Should a deponent elect to appear personally, any counsel or party who wishes to appear in person at the deposition may do so. Individuals who appear in person at the location designated in the subpoena/deposition notice shall, to the extent possible, refrain from physical contact and practice appropriate social distancing.

H. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

I. In addition to recording deposition testimony by stenographic means, the deposing party may record the deposition via video.

J. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based on the fact that the deposition was taken by remote means are deemed waived.

K. Deposing counsel and defending counsel shall be responsible for ensuring that they have a means of communicating with co-counsel or the deponent, as the case may be, during breaks in the deposition; the parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications between co-counsel during the deposition.

L. All persons attending depositions taken pursuant to this order shall ensure that they

can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

M. Nothing in this stipulation prohibits one or more of the participants from participating in a deposition at the same location, and counsel representing the deponent may be physically present at the same location as the deponent during any remote deposition.

## SO STIPULATED AND AGREED:

Dated: June 4, 2020

/S/ *Carter C. White*

_____

Carter C. White
UC Davis Civil Rights Clinic

*Counsel for Plaintiff Felicia Thompson*

/S/ *Diana Esquivel*

_____

Diana Esquivel
Deputy Attorney General

*Counsel for Defendants Briggs, Cortez, Galvan, Haile, and Saukhla*

/S/ *Nicole M. Cahill*

_____

Nicole M. Cahill
Longyear & Lavra, LLP

*Counsel for Defendants Naidoo and Portugal*

## SO ORDERED.

Dated:  June 5, 2020

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom.2422