XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER A. MESHOT, State Bar No. 117061
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants Briggs, Cortez, Galvan, Haile, and Saukhla*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **FELICIA THOMPSON,**<br><br>Plaintiff,<br><br>v.<br><br>**NARINDER SAUKHLA, et al.,**<br><br>Defendants. | No. 2:18-cv-02422 WBS-KJN<br><br>**STIPULATED REQUEST TO MODIFY AMENDED SCHEDULING ORDER TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS BY SEVEN-DAYS**<br><br>Trial Date:   July 27, 2021<br>Action Filed:  September 3, 2018 |

Under Federal Rules of Civil Procedure 16(b)(1)(A) and Local Rule 143, the parties, through their respective counsel of record, stipulate to and request a modification of the July 21, 2020 Amended Scheduling Order (ECF No. 73) to extend the deadline to file dispositive motions by seven days. Good cause exists grant this stipulated request because Defendants Saukhla and Briggs require more time to file their summary-judgment motion while the parties meet and confer about the issues to be raised in their anticipated motion.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon

1

a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

The current deadline to file dispositive motions is March 8, 2021. (ECF No. 73.) Despite the diligent efforts of counsel for Defendants Briggs, Cortez, Galvan, Haile, and Saukhla, the Defendants will not be able to complete their motion for summary judgment by the current deadline due to deadlines in other cases defense counsel is handling. These deadlines arose after the Court issued the amended scheduling order here and include, but are not limited to, a reply to four oppositions to a motion to dismiss, opposition to an appeal-related motion in the Ninth Circuit, and a motion to partially dismiss an appeal.

Also, on February 18, 2021, counsel for Defendants Briggs, Cortez, Galvan, Haile, and Saukhla sent a meet-and-confer email to Plaintiff's counsel requesting dismissal of certain Defendants and claims that would narrow the issues raised in the summary-judgment motion Defendants intend to file. Although the parties reached agreement as to Defendants Cortez, Galvan, and Haile, they are still conferring about certain claims against Briggs. If an agreement cannot be reached, Defendants will require time to add this argument to their motion, but which cannot be accomplished in the time remaining if an agreement is not reached.

The parties have agreed that Defendants will file their dispositive motion(s) on or before March 15, 2021; oppositions will be due on April 5; replies on April 12; and the hearing on all

/ / /

/ / /

/ / /

2

motions will be set for April 19, 2021. This requested extension of the dispositive-motion deadline will not affect any other deadline, including the July 27 trial date, in the Amended Scheduling Order. For these reasons, good cause exists to modify the Amended Scheduling Order and extend the dispositive-motion deadline by seven days.

IT IS SO STIPULATED.

Dated: March 3, 2021           Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants Briggs, Cortez, Galvan, Haile, and Saukhla*

Dated: March 3, 2021           KING HALL CIVIL RIGHTS CLINIC

*/s/ Carter C. White* (as authorized 3/3/21)

CARTER C. WHITE
*Attorneys for Plaintiff Felicia Thompson*

Dated: March 3, 2021           LONGYEAR, O'DEA & LAVRA, LLP

*/s/ Nicole M. Cahill* (as authorized 3/3/21)

VAN LONGYEAR
NICOLE M. CAHILL
*Attorneys for Defendants Naidoo and Portugal*

SA2018302831
34875702.docx

**ORDER**

Good cause appearing, the parties' stipulated request to modify the July 21, 2020 Amended Scheduling Order (ECF No. 73) is GRANTED.

Dispositive motions shall be filed on or before March 15, 2021, and shall be set for hearing **on the Court's next available hearing date** thereafter. Oppositions and replies shall be filed in accordance with Local Rule 230. In all other respects, the July 21, 2020 Amended Scheduling Order remains in full force and effect.

IT IS SO ORDERED.

Dated:  March 4, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE