UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FELICIA THOMPSON, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF KEITH AUSTIN THOMPSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>NARINDER SAUKHLA, M.D.; RUTH PORTUGAL; SILOCHANA NAIDOO; BRIAN BRIGGS; MONICA R. CORTEZ; ANDRES D. GALVAN; BETHLEHEM HAILE, M.D.; et al.,<br><br>        Defendants. | No. 2:18-cv-02422 WBS KJN<br><br>ORDER |

----oo0oo----

        Before the court are the bills of costs of defendant Portugal (Docket No. 99) and defendants Saukhla and Briggs (Docket No. 100).

        Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." While this Rule creates "a presumption for awarding costs to prevailing parties," Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003)

1

1  (citations omitted), it "vests in the district court discretion
2  to refuse to award costs." Ass'n of Mexican-Am. Educators v.
3  State of California, 231 F.3d 572, 591 (9th Cir. 2000) (citing
4  National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th
5  Cir. 1995)). In exercising that discretion, the Ninth Circuit has
6  instructed that:

> Appropriate reasons for denying costs
> include (1) the substantial public
> importance of the case, (2) the closeness
> and difficulty of the issues in the case,
> (3) the chilling effect on future similar
> actions, (4) the plaintiff's limited
> financial resources, and (5) the economic
> disparity between the parties.

12 Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48
13 (9th Cir. 2014) (internal citations and quotations omitted).
14         Regarding the financial resources of the plaintiff, the
15 proper inquiry is not whether the plaintiff is currently
16 indigent, but whether an award of costs might make her so.
17 Rivera v. NIBCO, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010)
18 (Wanger, J.).  "This is not an exhaustive list of good reasons
19 for declining to award costs, but rather a starting point for
20 analysis." Escriba, 743 F.3d at 1247-48.
21         Another consideration is the extent of the defendant's
22 victory.  In the event of a mixed judgment, it is within the
23 district court's discretion to require each party to bear its own
24 costs, Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996), or
25 to reduce the costs awarded to a prevailing party to reflect the
26 extent of their victory, Williams v. Gaye, 895 F.3d 1106, 1133
27 (9th Cir. 2018).
28

Here, plaintiff has submitted evidence of her limited financial resources. (See Pl.'s Notice of Add'l Evid. (Docket No. 103).) Given plaintiff's modest income, monthly expenses, outstanding debts, and limited savings, the court finds that awarding the costs requested by defendants might well render plaintiff indigent. See Rivera, 701 F. Supp. 2d at 1143. The court further notes that, although defendants prevailed on their federal law claims on summary judgment, because the court declined to exercise supplemental jurisdiction over the related state law claims, "defendants were not a prevailing party on the state law claims," Blight v. City of Manteca, No. 2:15-02513 WBS AC, 2017 WL 5665846, at *2 (E.D. Cal. Nov. 27, 2017), and thus did not obtain a complete victory in this case. See Williams, 895 F.3d at 1133.

In light of the court's discretion to reduce the costs awarded to defendants to reflect the extent of their victory, plaintiff's limited means, the potential chilling effect of imposing such high costs on civil rights litigants, and the lack of any indication this case was brought in bad faith, the court declines to award costs to defendants.[1] See Stanley v. Univ. of S. Cal., 178 F. 3d 1069, 1079-80 (9th Cir. 1999); Ass'n of

---

[1] Plaintiff's filing of a Notice of Appeal on May 27, 2021 (Docket No. 104), does not alter the court's ability to enter an Order denying defendants' requested costs. Though an appeal from a final order normally ousts the district court of jurisidiction over further matters in the case, see 9 Moore's Federal Practice, ¶ 203.11 at 734, the court retains the power to perform "ministerial" tasks, including the routine assessment of costs. Wright v. Jackson, 522 F.2d 955, 957 (4th Cir. 1975) (citing Independent Productions Corp. v. Loew's, Inc., 184 F.Supp. 671, 672 (S.D.N.Y. 1960)).

Mexican-American Educators v. State of California, 231 F.3d 572, 592 (9th Cir. 2000) (en banc).

        IT IS SO ORDERED.

Dated:  June 10, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE